IN RE ESTATE of Shawn McKNIGHT *v.*
BANK of AMERICA, N.A.

07-368                                          277 S.W.3d 179

Supreme Court of Arkansas
Opinion delivered February 21, 2008

---

*Gary Eubanks & Associates,* by: *Russell Marlin,* for appellant.

*Wright, Lindsey & Jennings, LLP,* by: *Isaac A. Scott, Jr., John G. Lile,* and *Judy Simmons Henry,* for appellee.

PAUL DANIELSON, Justice. Appellant Estate of Shawn Mc-Knight appeals from the order of the Probate Division of the Phillips County Circuit Court approving the accounting of appellee Bank of America, N.A. The Estate asserts that the probate court erred by (1) failing to either grant the Estate's demand for a jury trial or continuing the accounting issue until a jury trial could be held on the tort issues; (2) approving Bank of America's accounting and in finding that it did not commit a breach of its fiduciary duty; (3) granting Bank of America release from liability; and, (4) failing to grant the Estate's requested relief. Because the Estate failed to properly object to the accounting below, we affirm.

A review of the record reveals the following facts. On June 11, 1987, there was a fire and an explosion in Phillips County, Arkansas, in the home of John L. McKnight, Lula McKnight, Mary Ann Marshall, and their nineteen children. John McKnight was the father of most, but not all, of these children. Lula McKnight and Mary Ann Marshall were the mothers of the children. As a result of the fire, John McKnight, Lula McKnight, and Mary Ann Marshall were injured, two children died, and six children — Jerome McKnight, Deonte McKnight, Angela Marshall, Stephanie McKnight, Natasha Marshall, and Shawn McKnight — were injured. Stephanie McKnight and Natasha Marshall were both disabled as a result of their injuries.

An out-of-court settlement of the tort claims against one of the alleged tortfeasors was reached and, in order to implement the settlement, three cases were filed in the probate division of the Phillips County Circuit Court on October 28, 1987. Two of the cases were filed on behalf of the two deceased children, and the other was intended for the six other injured minors. Case P-87-209 was filed on behalf of Deonte McKnight, Jerome McKnight, Angela Marshall, Stephanie McKnight, and Natasha Marshall. However, one of the minors, Shawn McKnight, was accidentally omitted in case P-87-209. To consummate the settlement, a fourth case was filed on March 15, 1988, styled "In the Matter of Shawn McKnight, a minor." That case was assigned number P-88-48.

Worthen Bank and Trust Company, N.A. was appointed as administrator for the two decedents' estates and guardian for all of

the minors in the two other probate cases. After the settlement agreement had been reached, a trust for the McKnight/Marshall family was created. On March 28, 1988, Worthen was also appointed trustee to administer the trust, and the probate court ordered how the proceeds should be allocated and distributed.

On November 29, 1990, a second tort settlement with two other parties was negotiated and approved. Following the settlement, $1 was paid to each of the seven non-disabled beneficiaries (the three adults and four of the children) and $27,255.79 was paid to the trust for the benefit of the two disabled minors, Stephanie McKnight and Natasha Marshall.

On July 15, 1996, Bank of America, N.A., filed a petition for discharge of guardian to close Shawn McKnight's guardianship, as he had reached the age of majority on December 24, 1994. Bank of America had become the new trustee of the trust as it was the successor to Worthen.[1] No response to Bank of America's petition was filed.

In 2003, John McKnight was killed, and the proceeds of his life insurance policy, plus interest, were also paid to the trust. The insurance proceeds were the last source of income for the trust, and, on May 7, 2004, Bank of America filed and served an accounting for the entire administration of the trust in the probate division of the Phillips County Circuit Court.

On October 31, 2005, the six minor beneficiaries of the trust, including Shawn McKnight, filed a complaint against Bank of America in the civil division of the Phillips County Circuit Court, alleging breach of fiduciary duty, negligence, conversion, and outrage. In addition, the complaint demanded a jury trial on all issues of fact. This case was assigned case number 2005-378. The same parties filed a demand for jury trial or, in the alternative, a motion to stay cases P-87-209 and P-88-48 in the probate division of the Phillips County Circuit Court on January 12, 2006.

The probate court proceeded with the accounting and scheduled it for February 7, 2006. On February 7, 8, and 9, 2006, cases P-87-209 and P-88-48 were tried on the accounting of Bank

---

[1] Boatmen's Trust Company of Arkansas, Inc., was also the named trustee on some documents included in the record. Boatmen's was a successor to Worthen prior to Bank of America.

of America.[2] The probate court issued a letter opinion on June 29, 2006, detailing its decision to approve the accounting and directing the attorneys to advise it if any issues had not been addressed in the letter opinion. The final order of the probate court was filed on September 11, 2006, approving the accounting and releasing the Bank of America from any and all liability arising out of its administration of the trust upon the completion of the transfers of the remaining assets as per the final order. In addition, the probate court specifically noted in its final order that no objections to the accounting were filed by Lula McKnight, Mary Ann Marshall, Jerome McKnight, Deonte McKnight, Angela Marshall, or Shawn McKnight. The probate court also separately replied to the concerns of each attorney, attached those replies as exhibits, and incorporated them into the final order.

The Estate of Shawn McKnight filed a timely notice of appeal on October 9, 2006. We turn now to the instant appeal.

Before addressing the merits of the Estate's arguments, we must address an issue raised by Bank of America. Bank of America asserts that because the Estate failed to file objections to the accounting with the probate court, it may not now object to the accounting before this court. We agree.

The Arkansas Probate Code specifically sets forth the procedure for objections to be made to an accounting. Arkansas Code Annotated § 28-52-107(c) (Repl. 2004) instructs:

> (1) At any time prior to the hearing on an account of a personal representative, an interested person may file written objections to any item or omission in the account.

> (2) All objections shall be specific and shall indicate the modification desired.

Ark. Code Ann. § 28-52-107(c)(1)-(2).

The Estate fails to cite this court to any place in the record that demonstrates its objections were properly made before the probate court. In addition, even though Bank of America raised

---

[2] P-87-209 and P-88-48 were never consolidated by the probate court, despite a motion to consolidate filed in the probate court on January 23, 2006. When the cases were appealed after the final order was issued by the probate court, a motion to consolidate was filed in this court, which we denied on June 28, 2007.

this argument in its brief, the Estate did not reply. The probate court's final order also clearly reflects that no objections to the accounting were filed on behalf of Shawn McKnight.

It is apparent that the Estate did not comply with sections 28-52-107(c)(1) and (c)(2) of the Arkansas Probate Code, and, thus, the probate court was not afforded the opportunity to consider any exceptions to the accounting made on Shawn McKnight's behalf. We may not now consider those objections as it is axiomatic that we will not consider arguments raised for the first time on appeal. *See Cloud v. Brandt*, 370 Ark. 323, 259 S.W.3d 439 (2007).

In light of our holding that the Estate may not now object to the probate court's order approving the accounting of Bank of America, we are precluded from addressing the merits of the issues raised on appeal.

Affirmed.